To this petition a demurrer has been interposed by defendant. :
Ex turpi causa non oritur actio. Here is an agreement between two parties to impose a fraud upon the public. No> right of action can spring out of such a contract; for this rule applies, not only when the contract is expressly illegal, but whenever it is opposed to public policy and when the parties to such an agreement are in pari delicto, the law refuses to aid either of them against the other, where they have placed themselves by their own acts. Citing Broom’s Legal Maxims, page 733:
“As a general rule then, a contract or an agreement can not be made the subject of an action if it be impeachable on the ground of dishonesty, or as being opposed to public policy — if it be either contra bonos mores, or forbidden by the law. In answer to an action founded on such an agreement, the maxim may be urged, ex maleficio non oritur contractus — a contract can not arise out of an act radically vicious and illegal; those who come into a court of justice to-seek redress must come with clean hands, and must disclose a transaction warranted by law. ’ ’'
There is no distinction between an illegal and an immoral purpose, for, as Lord Mansfield (Holman v. Johnson, Corp., 343), has said:
“While the objection that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant, it is not for his sake, however, that the objection is ever allowed, but it it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice as between him and the plaintiff, by accident, if I may say so. The principle of public policy is this: Ex dolo malo non oritur actio. No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff’s own stating or otherwise the cause of action appears to arise ex turpi causa or the transgression of a positive law of this country, then the court *516 says lie lias no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff. So, if the plaintiff and defendant were to change sides and the defendant were to bring his action against the plaintiff, the latter would then have the advantage of it, for where both are equally in fault, potior est conditio defendentis.”
David Davis, for plaintiff.
Jas. B. Jordan, contra.
Council for plaintiff has cited- to' me two English cases, Read v. Anderson (13 Q. B. D., 779) and Seymour v. Bridge (14 Q. B. D., 460), which are, however, not in point. Their decision rests upon the rules underying agency, and are not applicable to the case at bar. Even were this not so, this court would prefer to follow the minority decision of Brett, Master of Kolls, in Bead v. Anderson, who, irrespective of the question of agency, whether revocable or irrevocable, holds the entire transaction (it being a betting transaction upon the turf exchange), while not illegal (according to the English law), still directly objectionable to the law, and, therefore, a business of which the law ought not to take notice, and dismisses both parties.
Demurrer sustained, and judgment may be taken accordingly.